IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Case No.: |
| ) | |
| Plaintiff, ) | |
| ) | Judge: |
| v. ) | |
| ) | |
| Nineteen Thousand, Two Hundred Dollars in ) | **VERIFIED COMPLAINT IN** |
| U.S. Currency ($19,200.00) ) | **FORFEITURE** |
| (CATS No. 18-DEA-643281), ) | |
| ) | |
| Defendant. ) | |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Guillermo J. Rojas, Assistant U.S. Attorney, and files this Verified Complaint in Forfeiture, respectfully alleging on information and belief the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF ACTION AND JURISDICTION

1. This is an action to forfeit the defendant property to the United States. The defendant property consists of Nineteen Thousand, Two Hundred Dollars in U.S. currency ($19,200.00) (CATS No. 18-DEA-643281) (hereinafter referred to as "the defendant currency"). The Drug Enforcement Administration (DEA) lawfully seized the defendant currency on July 12, 2018, pursuant to a probable cause search of a vehicle. The defendant currency is currently in the custody of the United States Marshals Service in a Seized Asset Deposit Fund Account.

2. This Court has subject matter jurisdiction over an action commenced by the

United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3. This Court has in rem jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district.

4. Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and under 28 U.S.C. § 1395, because the action accrued in this district.

5. The Court will have control over the defendant currency through service of an arrest warrant in rem, which the Plaintiff will execute upon the defendant currency. See Supplemental Rule G(3)(b)-(c); 28 U.S.C. § 1355(d).

## BASIS OF FORFEITURE

6. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a) or any other violation of the Controlled Substances Act, Title 21 United States Code, §§ 801 et seq.

7. On approximately August 28, 2018, the DEA commenced administrative forfeiture proceedings against the defendant currency.

8. On September 29, 2018, Claimant Rezaul K. Miah ("Claimant") filed an administrative claim for the defendant currency. On October 29, 2018, Claimant filed a corrected claim after receiving notice that his prior claim was defective.

9. No others filed claims, and the time to file a claim for the defendant currency under 18 U.S.C. § 983 expired on October 2, 2018.

## FORFEITURE COUNT

10. Around early July 2018, the DEA received information from a Confidential Source (CS) that Claimant intended to travel to Toledo, Ohio from New York, New York to purchase a large amount of marijuana. Information supplied by the CS included text messages between the Confidential Source and, based on evidence, an individual believed to be Claimant.

11. Early on July 12, 2018, DEA surveillance indicated that Claimant was heading westbound from the Pennsylvania area toward Ohio. Later that morning, Claimant arrived in the Toledo-area in a white Nissan Sentra and parked at a local hotel.

12. During the afternoon of July 12, 2018, the DEA surveilled Claimant while he shopped at a Toledo store and purchased zip lock and food saver bags.

13. During the early evening of July 12, 2018, the DEA observed one of three males remove shopping bags and a black book bag from the Nissan Sentra and place them inside a black Chrysler Pacifica.

14. Around 6:10 pm the same day, the DEA observed Claimant and an unknown male get in the Pacifica and enter onto Interstate 75 Southbound.

15. In coordination with the DEA, the Ohio State Highway Patrol (OSHP) stopped the Pacifica for a speeding violation on southbound I-75 at milepost 195 in Perrysburg, Ohio.

16. The OSHP Trooper who stopped the Pacifica identified the driver as Kyel Rowe and Claimant as the sole passenger. Rowe had rented the vehicle from PV Holding Corporation.

17. Rowe told the Trooper that he and Miah were on their way to a Red Lobster restaurant despite not heading in the direction of any such restaurant in the local area.

18. The Trooper placed Rowe in the backseat of his OSHP patrol car and returned to the Pacifica to speak with Claimant.

19. Unlike Rowe, Claimant indicated that he and Rowe were on their way to meet with a friend in Perrysburg to sell him nursing uniforms.

20. Claimant explained that he purchases nursing uniforms from Bangladesh at a discounted price and resells them at a profit.

21. Claimant did not know where in Perrysburg he planned to meet his friend.

22. An OSHP canine unit, consisting of a Trooper and drug detection canine, arrived on the scene to conduct a free air sniff of the Pacifica. The canine gave a positive indication for the presence of narcotics.

23. When an OSHP Trooper told Rowe that the canine gave a positive indication, Rowe stated that he had an e-pen containing hash oil on the passenger seat.

24. The OSHP Troopers on scene subsequently conducted a probable cause search of the Pacifica. During this search, Troopers found the following items in the Pacifica:

    a. E-cigarette containing THC oil on the passenger seat,

    b. U.S. Postal Service mailing envelope containing $10,000 in U.S. Currency between the passenger seat and the center console, and

    c. Camouflage backpack containing $19,200 in U.S. currency in the trunk.

25. Troopers seized the E-cigarette and the currency totaling $29,200 ("seized currency"). The defendant $19,200 in U.S. currency constitutes a portion of the seized $29,200 in U.S. currency. The United States does not seek judicial forfeiture of the $10,000 in U.S. currency representing the difference between the seized currency and defendant currency. This differential went unclaimed, subjecting it to administrative forfeiture without the need for judicial forfeiture.

26. Rowe denied ownership of any of the seized currency.

27. Troopers brought Claimant and Rowe to the OSHP Bowling Green Post where DEA Task Force Officers (TFO's) interviewed them.

28. Claimant stated that Rowe picked him up from a hotel in Toledo and headed to Perrysburg. Claimant said he intended to sell nursing uniforms there to someone named "Jason."

29. Claimant stated that he believed one-to-two thousand dollars of the seized currency represented uniform sales revenue that he gave to Rowe. Claimant could not produce any sales receipts for the alleged uniform sales.

30. Of the items OSHP seized from the Pacifica, Claimant claimed ownership of the nursing uniforms, cellular telephone, backpack, and bag of postal boxes.

31. Rowe stated that he travelled to Toledo to hang out and meet some girls with Claimant. He reasserted that he and Claimant were on their way to a Red Lobster. He said he had no knowledge of the seized currency and that the only items he claimed were the seized e-cigarette, two suitcases, and $400 in U.S. currency located on his person.

32. OSHP transferred the seized currency to the DEA, which then stored it in a vault located at the DEA Toledo Resident Office.

## CONCLUSION

33. By reason of the foregoing, the defendant currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) as currency associated with illegal drug trafficking activity.

## CLAIM FOR RELIEF

WHEREFORE the United States prays the Court issue an order forfeiting the defendant currency to the United States, awarding costs and disbursements, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

JUSTIN E. HERDMAN
UNITED STATES ATTORNEY

By: _____
Guillermo J. Rojas (0069882)
Assistant U.S. Attorney
Four Seagate, Suite 308
Toledo, Ohio 43604-2624
Phone/Fax: (419) 259-6376/6360
Guillermo.Rojas@usdoj.gov

## VERIFICATION

I, Steven Cousino, am a Special Agent with the United States Drug Enforcement Administration and the case agent assigned to this case. I have read the contents of the foregoing Verified Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of June, 2019.

/s/ TFO Steven Cousino
Steven Cousino
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed in my presence this 24th day of June, 2019.

/s/ Jennifer L Ramon
Name:
Notary Public
My commission expires Does Not Expire

JENNIFER L. RAMON, ESQ.
NOTARY PUBLIC - OHIO
My Commission Has No Expiration Date
O.R.C. § 147.03

## CERTIFICATE OF SERVICE

I hereby certify that on June 24th, 2019, a copy of the foregoing was filed with the Court. All Parties listed below will be served, by certified U.S. Mail, with a copy of the instant Verified Complaint along with a Notice of a Complaint for Forfeiture. Parties may also access this filing through the Court's electronic filing system.

>Rezaul K. Miah
>9344 204th Street
>Hollis, NY 11423

>John F. Potts, Esq.
>405 Madison Avenue, Suite 1460
>Toledo, OH 43604

>Guillermo J. Rojas
>Assistant U. S. Attorney

JS 44 (Rev. 06/17)
Case: 3:19-cv-01453 Doc #: 1-1 Filed: 06/24/19 1 of 3. PageID #: 9

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE
DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**  Civil Categories: (Please check <u>one category only</u>).

   1. ☐  General Civil
   2. ☐  Administrative Review/Social Security
   3. ☐  Habeas Corpus Death Penalty

   *If under Title 28, §2255, name the SENTENCING JUDGE: _____

   CASE NUMBER: _____

**II.**  **RELATED OR REFILED CASES**.  See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

   This action:    is **RELATED** to another **PENDING** civil case     is a **REFILED** case     was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**  In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)  **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:**
<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2)  **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
**COUNTY:**

(3)  **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
**COUNTY:**

**IV.**  The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section **III**, please check the appropriate division.

**EASTERN DIVISION**

   ☐  **AKRON**          (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
   ☐  **CLEVELAND**      (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,
                          Lorain, Medina and Richland)
   ☐  **YOUNGSTOWN**     (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

   ☐  **TOLEDO**         (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,
                          Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca
                          VanWert, Williams, Wood and Wyandot)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE: |
| v. | ) | |
| | ) | |
| Nineteen Thousand, Two Hundred Dollars in | ) | **WARRANT OF ARREST IN REM** |
| U.S. Currency ($19,200.00) | ) | |
| (CATS No. 18-DEA-643281), | ) | |
| | ) | |
| Defendant. | ) | |

**To the United States Marshal for the Northern District of Ohio:**

WHEREAS, a verified complaint of forfeiture has been filed on <u>June 24, 2019</u>, in the United States District Court for the Northern District of Ohio, alleging that the defendant property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody or control of the United States; and

WHEREAS, in these circumstances Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property; and

WHEREAS, Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest the defendant property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Dated at Toledo, Ohio, this _____ day of _____, 2019.

SANDY OPACICH, CLERK

_____
Deputy Clerk

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| | |
| DEFENDANT | TYPE OF PROCESS |
| | |

**SERVE AT**
- NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
- ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| | |
|---|---|
| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Fold                                                                                           Fold

Signature of Attorney other Originator requesting service on behalf of:   ☐ PLAINTIFF   TELEPHONE NUMBER   DATE
/s/ Guillermo J. Rojas, Asst. U.S. Attorney                               ☐ DEFENDANT

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. _____ | District to Serve No. _____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date   Time   ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | |

REMARKS:

**DISTRIBUTE TO:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13